IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ARNETRA SMITH, #228 272,            )
                                    )
    Plaintiff,                    )
                                    )
    v.                            ) CIVIL ACTION NO. 2:15-CV-209-WKW
                                    )                    [WO]
CYNTHIA DILLARD, *et al.*,           )
                                    )
    Defendants.                   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Tutwiler Prison for Women in Wetumpka,

Alabama, filed this 42 U.S.C. § 1983 complaint on March 25, 2015.[1]  In accordance with

the prior proceedings and orders of the court, this action is pending on Plaintiff's

amended complaint filed October 15, 2015, against Cynthia Dillard, Bill Wynne, Robert

Longshore, Cliff Walker, Donal Campbell, Kim Thomas, Jeffery Dunn, and Phil Bryant.

Plaintiff challenges as unconstitutional the decision to deny her parole and distributing

her prison disciplinary reports to the Alabama Board of Pardons and Parole ["ABPP"].

Defendants are sued in their individual and official capacities for damages. Plaintiff also

---

[1] Although the Clerk stamped the present complaint "filed" on March 31, 2015, Plaintiff signed her complaint on March 25, 2015. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In light of the foregoing and for purposes of the proceedings herein, the court considers March 25, 2015, as the date of filing.

requests costs, attorney's fees, and trial by jury.  Upon review, the court concludes that

dismissal prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I.  DISCUSSION

On November 4, 2003, Plaintiff entered the Alabama Department of Corrections

to serve a twenty year sentence on four convictions. Her first parole review was set for

2011.  Defendants Wynne, Longshore, and Walker denied Plaintiff parole on the ground

she had too many prison disciplinaries. At Plaintiff's second parole review hearing,

Defendants Wynne, Longshore, and Walker denied Plaintiff parole for this same reason.

Plaintiff maintains Defendant Dillard had responsibility for ensuring that Defendants

Wynne, Longshore, and Walker did not make erroneous parole decisions based on an

inmate's prison disciplinary record. Plaintiff further complains that Defendant Dillard

failed in her responsibility to set Plaintiff's initial parole review hearing upon service of a

third of her twenty year causing her first parole review hearing to be held after eight years

instead of six years.  At Plaintiff's parole review hearing in August 2015, Defendants

Wynne, Longshore, and Walker denied her parole stating there was not a reasonable

probability she would live and remain at liberty without violating the law and/or that her

release was not compatible with the welfare of society even though, Plaintiff claims, she

had a suitable home and job plan and no outstanding warrants.   *Doc. No. 9.*

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  The statute further provides, in relevant part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A. *Claims Barred by the Statute of Limitations*

Challenges Plaintiff seeks to make regarding parole matters which occurred prior to March 25, 2013, are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (Jones II).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). When Plaintiff filed the instant complaint, the statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

Although the state statute of limitations applies, the time of accrual is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). The running of the statute of limitations begins when Plaintiff knows or has reason to know of her injury. *Id.*

The alleged unconstitutional initial parole consideration proceeding and adverse decision about which Plaintiff complains occurred in 2011.[3]   The statute of limitations relative to these claims expired in 2013. As previously noted, Plaintiff filed the instant complaint on March 25, 2015. This filing occurred after the period of limitation had expired regarding the challenged claims. The court, therefore, concludes that Plaintiff's challenges to the 2011 decision to deny parole and the procedures utilized in making this decision are barred by the applicable statute of limitations. These claims are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).   *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (in an action proceeding under § 1983, the court may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. Official Capacity Claims*

To the extent Plaintiff seeks to sue Defendants in their official capacities, as state officials, these defendants are absolutely immune from suit for damages. *See Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (state officials sued in their official capacities are protected from suit for damages under the Eleventh Amendment). "A state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983, thus damages are unavailable." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995).

---

[3] Plaintiff's amended complaint does not specify when her second parole review hearing was held. For purposes of this Recommendation, the court will consider Plaintiff's challenges to her second parole hearing as timely filed.

## C.  Individual Capacity Claims

### i.  The Parole Board Defendants

Plaintiff complains that the Defendants Longshore, Walker, and Wynne improperly denied her parole. Plaintiff seeks monetary damages from these defendants.

The Eleventh Circuit has long recognized that parole board members are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton*, 502 F.2d 1101, 1101-02 (5th Cir. 1974). The challenged actions of Defendants Wynne, Longshore, and Walker are inextricably intertwined with their decision-making authority, and they are, therefore, absolutely immune from damages. Consequently, Plaintiff's claims for monetary damages against these defendants are due to be summarily dismissed under the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).

### ii. Defendants Dillard and Bryant

Plaintiff alleges that Defendant Dillard, executive director of the ABPP, and Defendant Bryant, director of operations for the ABPP, failed in their responsibility to ensure that the defendant parole board members evaluated her properly for parole. Plaintiff's claim against these defendants is due to be dismissed.

Plaintiff's attempt to hold Defendants Dillard and Bryant responsible for the Parole Board's decision to deny her parole entitles her to no relief.  The law is well settled "that Government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior* [or vicarious liability]. . .

5

*Robertson v. Sichel*, 127 U.S. 507, 515-16, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ('A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties'). Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."); *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001) (A supervisory official "can have no *respondeat superior* liability for a section 1983 claim."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of *respondeat superior* or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), *citing Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability.). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677; *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."). Because Plaintiff does not allege much

6

less indicate that Defendants Dillard and/or Bryant participated in or had any involvement with the claims on which she seeks relief, they cannot be held liable for actions of the defendant parole board members. Accordingly, Plaintiff's complaint against Defendants Dillard and Bryant is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### iii. Defendants Thomas, Dunn, and Campbell

Plaintiff alleges that ex-Commissioner Thomas and Commissioner Dunn have responsibility for knowing that a provision in Administrative Regulation 403, which she claims ex-Commissioner Campbell enacted, is unconstitutional because it directs, in part, that copies of inmate disciplinary reports be distributed to, among others, members of the Alabama Board of Pardons and Parole.[4] Plaintiff complains her constitutional rights were violated when she was denied parole twice based on her inmate disciplinary record which is information the ABPP had because of Defendants Thomas' and Dunn's "mismanagement" regarding this provision of Administrative Regulation 403.[5]

Plaintiff's claim that the provision in Administrative Regulation 403 directing prison officials to provide a copy of an inmate's disciplinary reports to the ABPP fails to allege a violation of her constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (an essential element of a complaint filed under § 1983 is that the conduct complained of

---

[4] Administrative Regulation 403 establishes the responsibilities, policies, and procedures for inmate rule violations. *Available at http://www.doc.state.al.us/docs/AdminRegs*.

[5] It appears that any claims Plaintiff seeks to assert against Defendant Campbell would be barred by the limitation period for the reasons explained in § I(A) as he resigned as Commissioner of the Alabama Department of Corrections in February 2006.

deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States). Here, Plaintiff's allegation involves no challenge to the veracity of the information distributed to the parole board members. Rather, she simply asserts in conclusory fashion that providing them with information about an inmate's prison disciplinary record is unconstitutional.  Generalized and conclusory allegations of alleged constitutional violations, however, cannot state a viable claim for relief under § 1983. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984); *see also  Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Further, in determining an inmate's suitability for release on parole, it is axiomatic that parole officials should consider matters associated with a prisoner's ability to abide by institutional rules and regulations during his or her incarceration. Because the deprivation about which Plaintiff complains fails to implicate any constitutional right to which she is entitled,  her complaint against Defendants Campbell, Thomas, and Dunn is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke*, 419 U.S. 390.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's amended complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 29, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 15th day of December, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE